UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

JOSE LOZANO and ANYEL RIVERA, on behalf of
themselves and all others similarly situated,

Plaintiffs,

-against-

THE JAR CIRCLE INC. d/b/a FRIDA'S MEXICAN
GRILL, AAG HOSPITALITY INC. d/b/a FRIDA'S
MEXICAN CUISINE, and RODRIGO
SEMPERTEGUI,

Defendants.

-------------------------------------------------------------------------X

Case No.: 2:25-cv-00500
(JMA)(ST)

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

Defendants The Jar Circle Inc. d/b/a Frida's Mexican Grill ("Frida's Mexican Grill"), AAG Hospitality Inc. d/b/a Frida's Mexican Cuisine ("Frida's Mexican Cuisine"), and Rodrigo Sempertegui (collectively with Frida's Mexican Grill and Frida's Mexican Cuisine referred to as "Defendants"), by and through their undersigned counsel, hereby respond to the allegations in Plaintiffs' FLSA Collective Action Complaint ("Complaint") filed on January 29, 2025, as follows:

### AS TO "NATURE OF THE COMPLAINT"

1. Defendants deny the allegations contained in paragraph 1 of the Complaint.

2. Defendants admit that Plaintiffs purport to proceed as set forth in paragraph 2 of the Complaint but deny all allegations contained therein and deny any violation of law.

### AS TO "JURISDICTION"

3. Defendants admit the Court has subject matter jurisdiction over Plaintiffs' federal claims and has the authority to exercise supplemental jurisdiction over pendent state law

claims in appropriate cases, but deny any violation of law and deny the Court can or should exercise supplemental jurisdiction over the state law claims in this case.

AS TO "VENUE"

4.      Defendants admit that, to the extent jurisdiction properly is exercised, venue is proper in this District.

AS TO "THE PARTIES"

**As To "Plaintiff Jose Lozano"**

5.      Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 5 of the Complaint.

6.      Defendants deny the allegations contained in paragraph 6 of the Complaint except admit Plaintiff Lozano previously worked at Frida's Mexican Grill.

**As To "Plaintiff Anyel Rivera"**

7.      Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 7 of the Complaint.

8.      Defendants deny the allegations contained in paragraph 8 of the Complaint but admit Plaintiff Rivera previously worked at Frida's Mexican Grill.

**As To "Defendant The Jar Circle Inc. d/b/a Frida's Mexican Grill"**

9.      Defendants admit the allegations contained in paragraph 9 of the Complaint.

10.      The allegations in paragraph 10 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the factual allegations contained therein.

11.     The allegations in paragraph 11 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the factual allegations contained therein.

12.     Defendants deny the allegations contained in paragraph 12 of the Complaint.

**As To "Defendant AAG Hospitality Inc d/b/a Frida's Mexican Cuisine"**

13.     Defendants deny the allegations contained in paragraph 13 of the Complaint but admit AAG Hospitality Inc. is a New York Corporation.

14.     Defendants admit the allegations contained in paragraph 14 of the Complaint.

15.     The allegations in paragraph 15 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the factual allegations contained therein.

16.     The allegations in paragraph 16 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the factual allegations contained therein.

17.     Defendants deny the allegations contained in paragraph 17 of the Complaint.

**As TO "Defendant Rodrigo Sempertegui"**

18.     Paragraph 18 calls for a legal conclusion. To the extent Paragraph 18 contains factual material requiring a response, Defendants deny the allegation contained in paragraph 18 of the Complaint, except aver that Defendant Sempertegui currently has an ownership interest in one or more of the corporate defendants.

19. Defendants deny the allegations contained in paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in paragraph 23 of the Complaint.

24. Paragraph 24 calls for a legal conclusion. To the extent Paragraph 24 contains factual material requiring a response, Defendants deny the allegations contained in paragraph 24 of the Complaint.

**As To "The Frida Restaurants Jointly Employed Plaintiffs"**

25. Defendants deny the allegations contained in paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in paragraph 28 of the Complaint.

29.    Defendants deny the allegations contained in paragraph 29 of the Complaint.

30.    Defendants deny the allegations contained in paragraph 30 of the Complaint.

31.    Defendants admit Plaintiffs purport to proceed as set forth in paragraph "26"[1] but deny all factual allegations contained therein.

### AS TO "FACTUAL ALLEGATIONS"

32.    Defendants deny the allegations contained in paragraph "27" of the Complaint.

33.    Defendants deny the allegations contained in paragraph "28" of the Complaint.

34.    Defendants deny the allegations contained in paragraph "26" of the Complaint.

35.    Defendants deny the allegations contained in paragraph "27" of the Complaint.

**As To "Plaintiff Jose Lozano's Wages Paid and Hours Worked"**

36.    Defendants deny the allegations contained in paragraph "28" of the Complaint.

37.    Defendants deny the allegations contained in paragraph "29" of the Complaint.

---

[1]    It appears Plaintiffs have misnumbered the paragraphs in the Complaint. For example, Plaintiffs' Complaint contains three paragraphs bearing numbers 26, 27, and 28 and two paragraphs bearing numbers 29 and 30. For clarity, Defendants address each paragraph in the Complaint in the sequential order they appear in the Complaint, and the numbering in this Answer reflects such sequence. Additionally, Defendants use quotation marks for the remaining paragraphs to reflect the discrepancy in paragraph numbering.

38.    Defendants deny the allegations contained in paragraph "30" of the Complaint.

39.    Defendants deny the allegations contained in paragraph "31" of the Complaint.

40.    Defendants deny the allegations contained in paragraph "32" of the Complaint.

41.    Defendants deny the allegations contained in paragraph "33" of the Complaint.

42.    Defendants deny the allegations contained in paragraph "34" of the Complaint.

**As to "Plaintiff Anyel Rivera's Wages Paid and Hours Worked"**

43.    Defendants deny the allegations contained in paragraph "35" of the Complaint.

44.    Defendants deny the allegations contained in paragraph "36" of the Complaint.

45.    Defendants deny the allegations contained in paragraph "37" of the Complaint.

46.    Defendants deny the allegations contained in paragraph "38" of the Complaint.

47.    Defendants deny the allegations contained in paragraph "39" of the Complaint.

48.    Defendants deny the allegations contained in paragraph "40" of the Complaint.

49.    Defendants deny the allegations contained in paragraph "41" of the Complaint.

50.    Defendants deny the allegations contained in paragraph "42" of the Complaint.

### AS TO "COLLECTIVE ACTION ALLEGATIONS"

51.    Defendants admit Plaintiffs purport to proceed as set forth in paragraph "43" of the Complaint but deny all factual allegations contained therein.

52.    Defendants deny the allegations contained in paragraph "44" of the Complaint.

53.    Defendants deny the allegations contained in paragraph "45" of the Complaint.

54.    Defendants deny the allegations contained in paragraph "46" of the Complaint.

55.    Defendants deny the allegations contained in paragraph "47" of the Complaint.

56.    Defendants deny the allegations contained in paragraph "48" of the Complaint.

57.    Defendants deny the allegations contained in paragraph "49" of the Complaint.

### AS TO "FIRST CLAIM"
### "(FLSA – Unpaid Overtime)"

58.    Defendants repeat, reiterate, and reallege each and every response contained in paragraphs 1 through 57 above, as if fully stated herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

59.    The allegations in paragraph "51" of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the factual allegations contained therein.

60.    The allegations in paragraph "52" of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the factual allegations contained therein.

61.    Defendants deny the allegations contained in paragraph "53" of the Complaint.

62.    Defendants deny the allegations contained in paragraph "54" of the Complaint.

63.    Defendants deny the allegations contained in paragraph "55" of the Complaint.

64.    Defendants deny the allegations contained in paragraph "56" of the Complaint.

## AS TO "SECOND CLAIM"
## "(NYLL – Unpaid Overtime Wages)"

65.    Defendants repeat, reiterate, and reallege each and every response contained in paragraphs 1 through 64 above, as if fully stated herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

66.    The allegations in paragraph "58" of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the factual allegations contained therein.

8

67.    The allegations in paragraph "59" of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the factual allegations contained therein.

68.    Defendants deny the allegations contained in paragraph "60" of the Complaint.

69.    Defendants deny the allegations contained in paragraph "61" of the Complaint.

70.    Defendants deny the allegations contained in paragraph "62" of the Complaint.

## AS TO "THIRD CLAIM"
### "(NYLL – Spread-of-hours Pay)"

71.    Defendants repeat, reiterate, and reallege each and every response contained in paragraphs 1 through 70 above, as if fully stated herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

72.    Defendants deny the allegations contained in paragraph "64" of the Complaint.

73.    Defendants deny the allegations contained in paragraph "65" of the Complaint.

74.    Defendants deny the allegations contained in paragraph "66" of the Complaint.

**AS TO "FOURTH CLAIM"**
**"(NYLL – Failure to Provide Accurate Wage Statements)"**

75.     Defendants repeat, reiterate, and reallege each and every response contained in paragraphs 1 through 74 above, as if fully stated herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

76.     The allegations in paragraph "68" of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the factual allegations contained therein.

77.     Defendants deny the allegations contained in paragraph "69" of the Complaint.

78.     Defendants deny the allegations contained in paragraph "70" of the Complaint.

79.     Defendants deny the allegations contained in paragraph "71" of the Complaint.

80.     Defendants deny the allegations contained in paragraph "72" of the Complaint.

**AS TO "FIFTH CLAIM"**
**"(NYLL – Failure to Provide Accurate Wage Notices)"**

81.     Defendants repeat, reiterate, and reallege each and every response contained in paragraphs 1 through 80 above, as if fully stated herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

82.     The allegations in paragraph "74" of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the factual allegations contained therein.

10

83.    Defendants deny the allegations contained in paragraph "75" of the Complaint.

84.    Defendants deny the allegations contained in paragraph "76" of the Complaint.

85.    Defendants deny the allegations contained in paragraph "77" of the Complaint.

86.    Defendants deny the allegations contained in paragraph "78" of the Complaint

87.    Defendants deny the allegations contained in paragraph "79" of the Complaint.

## AS TO "PRAYER FOR RELIEF"

Defendants deny the allegations contained in Plaintiffs' "Prayer for Relief" and all subsections thereto.

## AS TO "DEMAND FOR TRIAL BY JURY"

Defendants admit that Plaintiffs purport to request a trial by jury on all issues triable by a jury, but deny that Plaintiffs are entitled to a jury trial as to all issues raised in Plaintiffs' Complaint.

## ADDITIONAL AVERMENTS

Defendants deny all claims and allegations not unequivocally admitted herein.

## STATEMENT OF AFFIRMATIVE DEFENSES AND OTHER DEFENSES

Without assuming any burden of production or proof as to any of the following defenses where the law does not impose such burden on Defendants, Defendants assert the following defenses to Plaintiffs' Complaint:[2]

### AS AND FOR A FIRST DEFENSE

The Complaint fails, in whole or in part, to state any cause of action upon which relief can be granted or for which the damages sought can be awarded.

### AS AND FOR A SECOND DEFENSE

Defendants were not Plaintiffs' joint employers under the FLSA ("FLSA"), the New York Labor Law ("NYLL") or any other law or theory of liability.

### AS AND FOR A THIRD DEFENSE

Defendant Sempertegui is not an "employer" as defined by the FLSA and NYLL and is not liable to Plaintiffs for any alleged unpaid wages.

### AS AND FOR A FOURTH DEFENSE

Plaintiffs were compensated properly under all applicable wage and hour laws.

### AS AND FOR A FIFTH DEFENSE

Any violations of the FLSA were not willful, and therefore any claims must be measured against a two-year statute of limitations.

### AS AND FOR A SIXTH DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the applicable limitations period.

---

[2] These defenses also may apply to the claims of some or all of the individuals alleged in Plaintiffs' Complaint to be similarly situated persons under 29 U.S.C. § 216(b), including but not limited to any individual who has filed or does file a consent to join this action pursuant to 29 U.S.C. § 216(b). Defendants reserve the right to amend this Answer to include additional defenses applicable to putative collective action members.

## AS AND FOR A SEVENTH DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the *de minimis* doctrine.

## AS AND FOR AN EIGHTH DEFENSE

Plaintiffs' claims may be barred, in whole or in part, to the extent such claims have been released, waived, discharged, and/or abandoned.

## AS AND FOR A NINTH DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the doctrines of laches, estoppel, waiver, unclean hands, and/or other equitable defenses.

## AS AND FOR A TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any of Defendants' actions and practices were taken in compliance with and/or as required by the laws of the United States and/or the State of New York which regulated Defendants and were taken in good faith and with reasonable grounds for believing that any alleged acts or omissions were not in violation of the law.

## AS AND FOR AN ELEVENTH DEFENSE

Some or all of Plaintiffs' claims are barred to the extent that Plaintiffs are seeking compensation for time which is non-compensable and/or non-working hours.

## AS AND FOR A TWELFTH DEFENSE

Plaintiffs cannot state a claim for overtime pay under the FLSA or NYLL during any workweek in which Plaintiffs worked fewer than forty (40) compensable hours.

## AS AND FOR A THIRTEENTH DEFENSE

Plaintiffs' claims should be barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupment or offsets permissible under the FLSA or NYLL.

**AS AND FOR A FOURTEENTH DEFENSE**

Defendants are not subject to liability for any alleged failure to pay certain amounts of compensation purportedly owed under the FLSA or NYLL, and Plaintiffs' claims are barred, in whole or in part, by, *inter alia*, the United States or New York State Department of Labor's written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administration practices or enforcement policies.

**AS AND FOR A FIFTEENTH DEFENSE**

Plaintiffs' claims pursuant to NYLL § 195 are barred because Defendants reasonably believed in good faith that they were not required to provide such notices and statements pursuant to the law.

**AS AND FOR A SIXTEENTH DEFENSE**

Plaintiffs' Complaint fails to state a claim upon which either pre-judgment or post-judgment interest or fees may be awarded.

**AS AND FOR A SEVENTEENTH DEFENSE**

Plaintiffs do not satisfy the requirements of Section 216(b) of the FLSA and thus, this action cannot be maintained as a collective action.

**AS AND FOR AN EIGHTEENTH DEFENSE**

To the extent that discovery reveals that Plaintiffs falsely reported alleged hours of work and there is no evidence that Defendants required the false reporting of such hours; or there is no evidence that Defendants encouraged Plaintiffs to falsely report their hours of work; or that there is no evidence that Defendants knew or should have known that Plaintiffs were providing false information as to their hours of work, Defendants hereby invoke the doctrines of estoppel

14

and avoidable consequences to bar the claims asserted by Plaintiffs. *Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972).

### AS AND FOR A NINETEENTH DEFENSE

Plaintiffs were provided wage notices and statements required by NYLL § 195, and even if a Plaintiff's notice and/or statement was not in the form or format required by that section, such Plaintiff's claims are barred because Defendants Frida's Mexican Grill and Frida's Mexican Cuisine made complete and timely payment of all wages due to such Plaintiff under the New York Labor Law. N.Y. Labor Law § 198(1-b), (1-d).

### AS AND FOR A TWENTIETH DEFENSE

To the extent Plaintiffs seek equitable relief, they are not entitled to any insofar as there is an adequate remedy at law.

### AS AND FOR A TWENTY-FIRST DEFENSE

Plaintiffs were not deprived of any payment of wages to which they were legally entitled, and there are no unpaid wages for Plaintiffs to recover.

### AS AND FOR A TWENTY-SECOND DEFENSE

Plaintiffs' claims under NYLL § 195 fail for lack of standing.

### AS AND FOR A TWENTY-THIRD DEFENSE

An award of liquidated damages under the FLSA or NYLL is inequitable because Defendants acted in good faith.

### AS AND FOR A TWENTY-FOURTH DEFENSE

Plaintiffs' claims under the NYLL fail, in whole or in part, because they are incompatible with or preempted by the FLSA, including but not limited to by the method of overtime payment set forth in 29 CFR § 778.112.

### AS AND FOR A TWENTY-FIFTH DEFENSE

Plaintiffs' claims under the NYLL fail, in whole or in part, because, to the extent they are predicated on 12 NYCRR § 146-3.5(b), Plaintiffs' proposed interpretation of that regulation conflicts with the legislative mandates of the NYLL, exceeds Constitutional limits relating to remedies, precludes the right to be heard, and could not be enforced as proposed absent evidence of exceptional misconduct.

### AS AND FOR A TWENTY-SIXTH DEFENSE

To the extent Plaintiffs are pursuing claims under the FLSA which are incompatible with their theory of recovery under the NYLL, the Court should not exercise pendent jurisdiction over such NYLL claims.

### RESERVATION OF RIGHT TO SUPPLEMENT AFFIRMATIVE DEFENSES

Defendants reserve the right to supplement these Affirmative Defenses as additional information becomes known through the course of discovery in this action or otherwise.

*    *    *    *    *

**WHEREFORE**, Defendants respectfully request that the Court:

(a) Dismiss Plaintiffs' Complaint in its entirety, with prejudice;

(b) Deny each and every demand, claim and prayer for relief contained in Plaintiffs' Complaint;

(c) Award Defendants reasonable attorneys' fees and costs incurred in defending against this action; and

(d) Grant such other and further relief as the Court deems just and proper.

Dated: Melville, New York
April 30, 2025

Respectfully submitted,

Jackson Lewis P.C.
*Attorneys for Defendants*
58 South Service Road, Ste. 250
Melville, New York 11747
(631) 247-0404

By:    */s/ Noel Tripp*
Noel P. Tripp, Esq.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 30th day of April 2025, the foregoing **DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT** was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants:

Louis Pechman
Vivianna Morales
Pechman Law Group PLLC
488 Madison Avenue – 17th Floor
New York, New York 10022
(212) 583-9500
pechman@pechmanlaw.com
morales@pechmanlaw.com

/s/ Noel Tripp
NOEL P. TRIPP, ESQ.

4898-0660-3063, v. 2